**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In the Matter of:** | : | **MISCELLANEOUS CASE** |
| | | |
| **SEIZURE OF TWO MILLION TWO** | : | |
| **HUNDRED AND TWENTY-NINE** | | **No. 26-MC-_____** |
| **THOUSAND EIGHT HUNDRED AND** | : | |
| **THIRTEEN DOLLARS IN UNITED** | | |
| **STATES CURRENCY (2,229,813.00).** | : | |

**<u>ORDER</u>**

AND NOW, this _____ day of _____, 2026, upon consideration of the

government's uncontested motion pursuant to 18 U.S.C. § 983(a)(3) to extend for an additional

ninety (90) days the period of time to obtain an indictment or file a complaint seeking forfeiture

of the above-listed property, for good cause shown and upon agreement of the parties, the motion

is GRANTED.  The government shall obtain an indictment or file its complaint in this matter on

or before June 28, 2026.

_____
                                                                                                    **Judge**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In the Matter of: : **MISCELLANEOUS CASE**

**SEIZURE OF TWO MILLION TWO** :
**HUNDRED AND TWENTY-NINE**      No. 26-MC-_____
**THOUSAND EIGHT HUNDRED AND** :
**THIRTEEN DOLLARS IN UNITED**
**STATES CURRENCY (2,229,813.00).** :

### UNCONTESTED MOTION OF UNITED STATES OF AMERICA
### FOR EXTENSION OF TIME TO OBTAIN INDICTMENT
### OR FILE CIVIL FORFEITURE COMPLAINT

The United States of America, by its attorneys David Metcalf, United States Attorney for the Eastern District of Pennsylvania, Matthew T. Newcomer, Assistant United States Attorney, Deputy Chief, Economic Crimes / Asset Recovery & Financial Litigation, and David Weisberg, Special Assistant United States Attorney, pursuant to 18 U.S.C. § 983(a)(3)(A), requests this Court to extend the period of time in which the government may obtain an indictment or file a civil complaint seeking forfeiture of the above-listed property until June 28, 2026.  In support of the motion, the government avers as follows:

1.      On or about November 15, 2024, officers from the Montgomery County District Attorney's Office, in coordination with agents from the U.S. Drug Enforcement Agency ("DEA"), executed a Pennsylvania search and seizure warrant on 1500 Edgemont Avenue, Philadelphia, PA, 19013, and seized $2,229,813.00 in United States currency ("Seized Currency") from inside of the business located at that address.  An individual named Liangjin Shao, who is the owner of Edgemont Laundry, the business located at 1500 Edgemont Avenue, Philadelphia, PA, 19013, was identified as the owner of the property and the business.  A trained

narcotics dog positively alerted to the Seized Currency, and DEA ultimately seized the Seized Currency.

2.      On or about December 9, 2025, as required by law, the DEA provided direct, written notice to Liangjin Shao, Liangdong Shao, and Happy Brothers LLC of its intent to administratively forfeit the Seized Currency, by delivering to them a copy of the notice of seizure and advising of their right to file a claim in this matter.

3.      On or about December 30, 2025, Liangjin Shao, Liangdong Shao and Happy Brothers LLC, through counsel, filed with the DEA claims to contest the forfeiture of the Seized Currency. To date, no other party has filed a claim with DEA to contest the forfeiture of the Seized Currency.

4.      The Civil Asset Forfeiture Reform Act, 18 U.S.C. § 983, *et seq*. provides that, within 90 days after a claim for the return of property is filed, the government must obtain an indictment listing the seized property as being subject to forfeiture and take other steps necessary to preserve the seized property, file a civil complaint for forfeiture of the seized property, or obtain a court order extending the time period for good cause shown or upon agreement of the parties, as provided under federal law. *See* 18 U.S.C. § 983(a)(3)(A) and (B). Also, if the government does not obtain an indictment listing the seized property as being subject to forfeiture, file a civil forfeiture complaint, or obtain an extension of time, the government must release the property and not take any further civil forfeiture action against the property. *See* 18 U.S.C. § 983(a)(3)(B).

5.      The government is required to file a civil complaint for forfeiture, or obtain an indictment listing the seized property as being subject to forfeiture and take other steps necessary to preserve the seized property, in this case on or before March 30, 2026, with respect to the

- 2 -

claims from Liangjin Shao, Liangdong Shao and Happy Brothers LLC.  All three claimants are represented by Elliot Cohen, Esq.

6.    By this motion, the government, pursuant to 18 U.S.C. § 983(a)(3)(A), requests an extension of time of an additional ninety (90) days from the filing deadline, until June 28, 2026, to obtain an indictment listing the seized property as being subject to forfeiture or file a civil complaint for forfeiture in this matter.

7.    The government submits that good cause exists for the Court to grant an extension of time and the parties agree to the extension in this instance. The government requires this additional time to complete its investigation in this matter. The government is continuing to review evidence regarding the Seized Currency. The requested extension of time also will enable the government to further identify legal and factual issues involving the seizure and forfeiture of the Seized Currency and to fully consider the claim for the return of the Seized Currency. The additional time will also allow the parties to explore the possibility of a non-judicial resolution of this matter. Also, before taking final action, government counsel must obtain supervisory approval of any proposed forfeiture complaint or any proposed settlement.

8.    The government also submits that the requested extension of ninety (90) days is reasonable under the circumstances. This is the government's first request for extension of time in this matter. Furthermore, the government submits that the requested extension of time is made in good faith and is not intended to unduly delay these proceedings, and this request will not unduly prejudice the claimant.

9.    Elliot Cohen, Esquire, counsel for the claimants, advised that he does not oppose the government's request for a 90-day continuance in this matter.

- 4 -

WHEREFORE, based on the foregoing, the government requests that this Court grant the motion.

Respectfully submitted,

DAVID METCALF
United States Attorney

MATTHEW T. NEWCOMER
Assistant United States Attorney
Deputy Chief, Economic Crimes /
Asset Recovery & Financial Litigation


____*/s/ David Weisberg*_____
DAVID WEISBERG
Special Assistant United States Attorney


Date: March 27, 2026.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the MOTION OF UNITED STATES OF AMERICA FOR EXTENSION OF TIME TO OBTAIN INDICTMENT OR FILE FORFEITURE COMPLAINT was served on the following by first-class mail, postage prepaid, as follows:

**ELLIOT COHEN, ESQ.**
1500 JFK Blvd., Ste. 1516
Philadelphia, Pennsylvania 19102
Phone: 215-568-1300
Email: elliotcohenesquire@yahoo.com


_/s/ David Weisberg_
DAVID WEISBERG
Special Assistant United States Attorney


Date: March 27, 2026